IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ANTHONY PFEFFER,**

    **Petitioner,**

**v.**                                          **Case No. 2:06-cv-00030**

**THOMAS MCBRIDE, Warden,**
**Mount Olive Correctional Complex**,

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket sheet document # 1) and Petitioner's Motion for Equitable Tolling (# 3). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

During the October 1985 term, a Jackson County Grand Jury indicted Petitioner on one count of aggravated robbery with a firearm. On September 15, 1986, Petitioner signed a plea agreement in which he agreed to plead guilty to the aggravated robbery charge as stated in the indictment. In the plea agreement, Petitioner and the State agreed that Petitioner should be sentenced to thirty years in prison, which was to run concurrently to other sentences

Petitioner was then serving.[1]  (# 2-2 at 20-21).  The plea agreement also provided that Defendant would "appear and truthfully testify as to all matters within his knowledge when summoned by any party in any criminal or juvenile case."  (Id. at 20).

On September 15, 1986, the Honorable George M. Scott, Circuit Judge of Jackson County, accepted Petitioner's guilty plea, subject to a presentence investigation.  (Id. at 25).  On October 30, 1986, Petitioner appeared before Judge Scott for sentencing.  During the sentencing hearing, the prosecutor moved to set aside the plea agreement based upon his belief that Petitioner was not cooperating with the Kanawha County Prosecutor's Office in its investigation of an unrelated crime, after Petitioner allegedly failed a polygraph examination.  (Id. at 4).

Judge Scott then proceeded to discuss the probation officer's determination that Petitioner was not deserving of a concurrent sentence.  Specifically, he stated:

---

[1] On or about September 4, 1986, Petitioner was sentenced to serve 15 years on a federal drug charge in the United States District Court for the Southern District of West Virginia (United States v. Pfeffer, Case No. 2:86-cr-00071-01).  Petitioner had also been sentenced on a charge in the United States District Court for the Eastern District of Kentucky.  The record before this court does not specify the nature of the Kentucky charge or the length of that sentence.

On or about September 12, 1986, Petitioner pled guilty in the Circuit Court of Putnam County to one count of aggravated robbery, and was sentenced to serve 30 years in prison, to be run concurrently to Petitioner's federal sentences.  (State v. Pfeffer, Case No. 85-C-91).  (# 2-2 at 38-43).

> I think that this agreement does unduly infringe upon the sentencing powers of this Court, and especially insofar as it would attempt to restrict the Court to making a sentence run concurrently with the sentence of some other Court. So the sentence being of an offensive nature to this Court, would not - could not be followed if there were a conviction. For that reason, the plea bargain is rejected.

(Id. at 4)(citing Oct. 30, 1986 hrg. trans. at 38-39). The court then set the case down for trial. On March 4, 1987, Petitioner was convicted of one count of aggravated robbery by a Jackson County petit jury. On March 17, 1987, Judge Scott sentenced Petitioner to 30 years in prison, to run consecutively to all of his other sentences. (Id. at 4).

Petitioner, by counsel, filed a Petition for Appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV"). The record before this court does not indicate what grounds for relief were raised in that petition. The Petition for Appeal was refused on April 12, 1988. (# 12 at 1).

On or about February 16, 2004, Petitioner sent correspondence to the Circuit Court of Jackson County requesting records from his criminal case file. It appears that the Circuit Court treated this request as a petition for a writ of mandamus. In the order denying the request, Circuit Judge Thomas C. Evans, III indicates that there are notes contained in Petitioner's criminal file indicating that, on July 26, 1988, the Clerk forwarded a copy of Petitioner's entire criminal file to him by certified mail. (# 13, State ex rel. Pfeffer v. Clerk, Cir. Ct. of Jackson Co., Case No. 04-P-3,

3

"Order Denying Petition," Feb. 23, 2004).  Thus, it would appear to the undersigned that Petitioner was in possession of a complete copy of his criminal file as of late July or early August 1988.

Petitioner sought no post-conviction relief between 1988 and 1995.  Throughout that time, Petitioner was incarcerated at the United States Penitentiary-Allenwood in White Deer, Pennsylvania (hereinafter "Allenwood").  However, in October of 1995, Petitioner was implicated in a tax fraud scheme with other inmates incarcerated at Allenwood, who were allegedly using the prison mail system to file fraudulent tax returns.

As a result of Petitioner's alleged involvement in this scheme, he was transferred to the Administrative Maximum Facility ("ADX") in Florence, Colorado, where he was confined to his cell for 23 hours per day, and where his general correspondence rights were restricted.  As part of the tax fraud investigation, all of the documents in Petitioner's possession were allegedly confiscated, including his criminal file from his Jackson County conviction.

Petitioner was confined at ADX from October of 1995 until September of 2002, at which time he was transferred into the custody of the State of West Virginia at the Mount Olive Correctional Complex ("MOCC").  Thus, Petitioner was confined at ADX when Congress passed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which instituted a one-year statute of

4

limitations on federal habeas corpus petitions filed by state inmates under 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d)(1).  Under the AEDPA, inmates who had been convicted prior to its enactment date of April 24, 1996, had a one-year grace period in which to file a timely motion.  Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001) (citing Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1988)).  Accordingly, Petitioner was required to file a section 2254 petition by April 24, 1997.

Petitioner took no action to file any petitions for post-conviction relief until June of 2004, when he filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Jackson County. (Pfeffer v. McBride, Case No. 04-C-121)(# 14, Ex. 2).  On August 19, 2004, without appointing counsel or conducting an evidentiary hearing, the Circuit Court of Jackson County entered a detailed opinion denying Petitioner's habeas corpus petition.  (# 2-2 at 2-19).

On June 29, 2005, the SCAWV refused Petitioner's pro se Petition for Appeal concerning the denial of his habeas corpus petition.  (# 14 at 2).  Petitioner then filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on January 27, 2006.  (Pfeffer v. McBride, 126 S. Ct. 1170, 163 L. Ed.2d 1132 (Jan. 23, 2006) (# 14 at 1).  On January 12, 2006, Petitioner filed the instant section 2254 petition (# 1), along with his Motion for Equitable Tolling (# 3).

In the instant section 2254 petition, as in his state court habeas corpus petitions, Petitioner asserts that the prosecutor breached Petitioner's plea agreement (which agreement was ultimately rejected by the court), in violation of Petitioner's due process rights. (# 2-1). In support of this claim, Petitioner cites the United States Supreme Court's decision in <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971), which held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Petitioner contends that, once the State agreed to a 30-year concurrent sentence, Petitioner gained a constitutionally protected "substantial right" in having the State fulfill its promise. Petitioner further contends that the State breached the agreement when the prosecutor told the court that Petitioner was not cooperating with authorities in an unrelated matter in Kanawha County which, as Petitioner asserts, resulted in the Jackson County Circuit Court's rejection of the plea agreement. (<u>Id.</u>)

Accordingly, Petitioner argues that he should have been entitled to the benefit of his bargain to be sentenced to a 30-year <u>concurrent</u> sentence, rather than the 30-year <u>consecutive</u> sentence he received following his trial. Petitioner further contends that his court-appointed counsel provided ineffective assistance because he failed to object to the breach of the plea agreement. (<u>Id.</u>)

6

In his Motion for Equitable Tolling, Petitioner contends that, because he was incarcerated at ADX, he was unaware of the AEDPA requirements. He further contends that, as a result of the confiscation of his criminal case file, he could not prepare a timely habeas corpus petition. Petitioner contends that, between 1995 and 2004, he made several unsuccessful requests to the FBI and the officials at Allenwood for the return of his legal documents. (# 4 at 1-2). Petitioner further asserts that he was not permitted to contact his court-appointed counsel from his Jackson County criminal case, and that he had virtually no access to a law library. Petitioner contends that "his restrictions were so compelling and extraordinary that they need to be addressed." (Id. at 3). For these reasons, Petitioner requests that the court find that his section 2254 petition is subject to equitable tolling, and allow him to proceed thereon.

On February 17, 2006, pursuant to the undersigned's order, Respondent filed a Response on Equitable Tolling (# 12). Respondent contends that Petitioner is not entitled to equitable tolling of the statute of limitations on his section 2254 petition because his ignorance of the AEDPA requirements is insufficient to support equitable tolling, and because Petitioner did not act with due diligence to present his claims. (Id. at 6-9).

On March 21, 2006, Petitioner filed a reply brief (# 13), in which he asserts, inter alia:

> While petitioner was confined in federal institutions, petitioner was outside the jurisdiction of the West Virginia courts.  Since it is necessary for petitioner to exhaust his state remedies prior [to] initiating a petition for habeas corpus relief, it was reasonable for petitioner [to] believe that he could not initiate a state petition for habeas corpus relief until he was again in state custody, i.e., September 2002.  See WV Code §53-4A-1 et. seq.
>
> * * *
>
> If petitioner had filed his application for post-conviction relief in the Circuit Court of Jackson County, WV, while he was incarcerated in a federal institution[] outside of West Virginia, e.g. U.S.P. Allen[wood], the Circuit Court of Jackson County, WV, would not have the jurisdiction to compel the warden of a federal institution to produce the petitioner's body before the Circuit Court.  See WV Code § 53-4A-5.

(Id. at 11-12).  This matter is now ripe for adjudication.

## **ANALYSIS**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted
>   was initially recognized by the Supreme Court and made
>   retroactively applicable to cases on collateral review;
>   or
>
>   (D) the date on which the factual predicate of the claim
>   or claims presented could have been discovered through
>   the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on or about July 12, 1988, prior to the enactment of the AEDPA. The United States Court of Appeals for the Fourth Circuit has held that, "in the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." Crawley, 257 F.3d at 398. Thus, the undersigned proposes that the presiding District Judge **FIND** that the statute of limitations on Petitioner's section 2254 petition ran on April 24, 1997.

Clearly, then, Petitioner's section 2254 petition is untimely, unless he can demonstrate that he is entitled to have the statute of limitations equitably tolled. The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000). As to when equitable tolling should apply, the Court has stated:

>   We believe, therefore, that any resort to equity must be
>   reserved for those rare instances where - due to
>   circumstances external to the party's own conduct - it

9

>would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time. Id.

In the instant case, Petitioner asserts that he is entitled to have the statute of limitations equitably tolled in light of his restricted custody status, the confiscation of his state court records by federal officials, and his ignorance of the AEDPA requirements.

First, as noted by Respondent, "ignorance of the law and legal experience does not excuse prompt and timely filing for a pro se incarcerated prisoner. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(Ignorance of the law, including existence of AEDPA, insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir, 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation)." (# 12 at 8). Thus, Petitioner's claim that the statute of limitations should be tolled because he was unaware of the AEDPA statute of limitations is unpersuasive.

10

Second, Petitioner was not diligent in pursuing his claims prior to his transfer to ADX in 1995. Based upon the record before this court, it appears that Petitioner was in possession of a complete copy of his Jackson County criminal file as of August of 1988, following the refusal of his direct appeal. Thus, at that time, he had access to the documents that he now claims were necessary to pursue his habeas claims. The undersigned agrees with Respondent's statement that:

> Petitioner's pre and post-conviction conduct undermine his claim that he needed these documents to pursue his post-conviction remedies. He did not use them before they were confiscated - over seven years after his direct appeal was rejected. Nor did he put them to much use in the petition he actually filed with this court. [footnote omitted]. Although his petition quotes sparingly from the record, and includes copies of Petitioner's plea agreements, Petitioner's grounds for relief could have been sufficiently pled without these supporting documents.

(# 12 at 6).

Third, the undersigned notes that the Santobello decision upon which Petitioner relies was clearly-established law at the time of Petitioner's conviction. Santobello was decided in 1971. Petitioner was convicted in 1987. Thus, if Petitioner believed that his constitutional rights had been violated as a result of the prosecutor's conduct during the guilty plea or sentencing proceedings, he could have raised that issue more diligently.

Fourth, Petitioner's custody at ADX Florence was attributable to his own misconduct while in prison. Thus, Petitioner cannot

11

show that he was subject to "circumstances external to the party's own conduct."

Finally, Petitioner has not cited any supporting authority for his contention that he could not seek habeas corpus relief in the state courts while he was incarcerated in a federal prison in Pennsylvania, and this court is aware of none. These circumstances simply do not warrant the exceptional remedy of equitable tolling.

The undersigned also notes that, even if Petitioner were to demonstrate circumstances that could justify equitable tolling, Petitioner's claims for relief appear to be without merit. As noted in Santobello, "[t]here is no absolute right to have a guilty plea accepted. Lynch v. Overholser, 369 U.S. 705, 719, 82 S. Ct. 1063, 1072, 8 L. Ed.2d 211 (1962); Fed. Rules Crim. Proc. 11. A court may reject a plea in exercise of sound judicial discretion." 404 U.S. at 262. This is true under the West Virginia Rules of Criminal Procedure, as well. See W. Va. Rules Crim. Proc. 11(e)(4); Syl. Pt. 5, State v. Guthrie, 315 S.E.2d 397 (W. Va. 1984). The Circuit Court of Jackson County properly acted within its discretion in rejecting Petitioner's plea agreement and Petitioner has not demonstrated any entitlement to the rejected plea bargain.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated reasonable diligence in the pursuit of his federal habeas corpus claims, that under the

circumstances presented, Petitioner is not entitled to equitable tolling of the statute of limitations on his section 2254 petition, and that his petition was not timely filed.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Motion for Equitable Tolling (# 3). Furthermore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition (# 1) as untimely.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn,

13

474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

|  |  |
|---|---|
| June 20, 2006<br>Date | Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge |

14