IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANTHONY PFEFFER,

           Plaintiff,

v.                                CIVIL ACTION NO. 2:06-00030

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex

           Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on review of the Magistrate Judge's Findings and Recommendations that Petitioner's application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 be denied. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that this Court dismiss this action because it was untimely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Petitioner objects to the Magistrate Judge's findings and recommendations. Upon *de novo* review of Petitioner's objections, the Court **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendation of the Magistrate Judge, **DENIES** Petitioner's motion for equitable tolling and **DISMISSES** this action because it was untimely filed under the AEDPA.

The Court has throughly reviewed the record and agrees with the Findings and Recommendation of the Magistrate Judge. Petitioner was convicted of aggravated robbery by a

Jackson County jury on March 4, 1987 and was sentenced on March 17, 1987 to 30 years imprisonment to run consecutively to all of his other sentences. The Petitioner appealed his sentence to the Supreme Court of Appeals of West Virginia and the Court refused to hear the appeal on April 12, 1988. Therefore, the Petitioner's conviction became final on or about July 12, 1988, prior to the enactment of the AEDPA.

In calculating whether Petitioner timely filed his claim, the Court must look to the one-year statute of limitations set forth in § 2244(d) of the AEDPA, which became effective on April 24, 1996. Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Although Petitioner's aggravated robbery became final prior to the enactment of the one-year statute of limitations, the Fourth Circuit held that "a prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA must receive a reasonable period of time

after the statute's effective date to file his petition." *Brown v. Angelone*, 150 F.3d 370, 374 (4th Cir. 1998). In determining what a "reasonable period" is, the Fourth Circuit agreed with the majority of jurisdictions addressing the issue which have held a prisoner should receive one year "from the effective date of the AEDPA–i.e., that prisoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their § 2254 petition or § 2255 motion." 150 F.3d at 375 (footnote and citations omitted); *see also Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). The Magistrate Judge correctly applied the requirements for equitable tolling. The Court **FINDS** that Petitioner's time period to file his § 2254 petition expired on April 24, 1997.

The Court has reviewed Petitioner's objections and finds no merit in his argument for equitable tolling. Accordingly, the Court **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendation of the Magistrate Judge, **DENIES** Petitioner's motion for equitable tolling and **DISMISSES** this action because it was untimely filed under the AEDPA. The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

ENTER: August 30, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE